MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
SARA PETERSEN GRAVES, Bar No. 226766
spetersengraves@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

GLENN E. FORBIS (Application *Pro Hac Vice* to be filed)
gef@raderfishman.com
BRADLEY W. BIDWELL (Application *Pro Hac Vice* to be filed)
bwb@raderfishman.com
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Ave.
Bloomfield Hills, MI 48304
Telephone: (248) 594-0600
Facsimile: (248) 594.0610

Attorneys for Plaintiff
STERLING BANK AND TRUST, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

CV13- 1080  DMR

| | |
|---|---|
| STERLING BANK AND TRUST, FSB, a federally chartered savings bank, <br><br> Plaintiff, <br><br> vs. <br><br> STERLING FINANCIAL CORPORATION, a Washington corporation, and STERLING SAVINGS BANK, a Washington State-chartered commercial bank, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint filed: March 8, 2013 |

---

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND DEMAND FOR JURY TRIAL                                     Case No.

Plaintiff, Sterling Bank and Trust, FSB ("Plaintiff") for its Complaint against Defendants, Sterling Financial Corporation and Sterling Savings Bank (collectively "Defendants") alleges:

## NATURE OF THE ACTION

1. This action arises under the trademark and unfair competition laws of the United States and/or the State of California. This is a civil action for damages and injunctive relief arising out of one or more of Defendants' acts of trademark infringement, unfair competition, false designation of origin, passing off, and unjust enrichment under federal, state and/or common law as a result of such wrongful acts, including willful infringement of Plaintiff's rights in its STERLING service marks and trade names (collectively, "Plaintiff's STERLING Marks").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and also has diversity jurisdiction under 28 U.S.C. § 1332(a), with the parties being citizens of different states and the amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs. Jurisdiction over the state law claims are also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

3. This Court has personal jurisdiction over Defendants by virtue of their transacting and soliciting of business in this District, and because the relevant events occurred in this District. Specifically, Defendant Sterling Financial Corporation has purposefully availed itself of the privilege of acting in this District through its ownership of Defendant Sterling Savings Bank and Sonoma Bank, both of which operate financial institutions in this District.

4. Furthermore, Defendants' financial services are offered and rendered to residents of this District and throughout the nation on Defendants' websites. Specifically, both Defendant Sterling Savings Bank's website, www.bankwithsterling.com, and Sonoma Bank's website, www.bankwithsonoma.com, are highly interactive and promote Defendants' services, and provide online banking capabilities and financial tools. Additionally, Defendant Sterling Financial Corporation is a publicly traded company, listed on NASDAQ and trading under the symbol STSA. Defendant Sterling Financial Corporation's website, www.sterlingfinancialcorporation-

spokane.com, provides information to stockholders throughout the country, including in this District.

5. Moreover, Defendants' actions are aimed at this district. The unlawful acts committed by Defendants, as hereinafter further alleged, have been and are, conceived, carried out and made effective within this District. Specifically, Defendants have used one or more of Plaintiff's STERLING Marks without Plaintiff's authorization in the promotion of Defendants' branch locations in the greater San Francisco, California metropolitan area. Further, Defendants have used Plaintiff's STERLING Marks without consent on Sonoma Bank's website, which advertises and offers financial services to residents of the greater San Francisco metropolitan area. As such, Defendants have personally availed themselves in this jurisdiction because they conduct business in the Northern District of California, and the actions giving rise to this suit have occurred in this District.

6. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b),(c), and (d) because, upon information and belief, Defendant Sterling Savings Bank conducts substantial business in this judicial District. Consequently, venue is also proper with regards to Defendant Sterling Financial Corporation since it is the parent company of the aforementioned Defendants that conduct business in this District. Furthermore, the majority of the activity about which Plaintiff complains has taken place in this District, and the damages suffered by Plaintiff were suffered in this District. As such, venue is proper.

## INTRADISTRICT ASSIGNMENT

7. This is an Intellectual Property Action and shall therefore be assigned on a district wide basis in accordance with Local Rule 3-2(c). Convenience considerations favor assignment to the San Francisco County Division where the majority of Plaintiff's California branches are located. San Francisco County Division is also where Plaintiff has suffered the majority of its damages.

## THE PARTIES

8. Plaintiff Sterling Bank & Trust, FSB is a federally chartered savings bank, with its principal place of business at One Towne Square, 19th Floor, Southfield, Michigan 48076, with

- 2 -

1  branch locations in Michigan and the San Francisco, California metropolitan area.

2      9.    Upon information and belief, Defendant Sterling Financial Corporation is a Washington corporation, with an address of 111 North Wall Street, Spokane, Washington 99201.

    10.    Upon information and belief, Defendant Sterling Savings Bank is a Washington State-chartered commercial bank and a wholly owned subsidiary of Defendant Sterling Financial Corporation, with an address of 111 North Wall Street, Spokane, Washington 99201.

## GENERAL ALLEGATIONS

### PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS

    11.    In 1984, Plaintiff was incorporated under the laws of the State of Michigan as Sterling Savings and Loan Association. In 1988, Sterling Savings and Loan changed its corporate title to Sterling Savings Bank. In 1989, Sterling Savings Bank converted to a federal savings bank, under the name Sterling Savings Bank, FSB. In 1992 Sterling Savings Bank, FSB changed its corporate title to Sterling Savings Bank and Trust, FSB. In 1993, Sterling Savings Bank and Trust, FSB changed its corporate title to Sterling Bank and Trust, FSB. Since 1993, Plaintiff has used the name Sterling Bank and Trust, FSB.

    12.    Plaintiff is, and has been for 28 years, in the business of providing a wide variety of financial services, including banking services, investment brokerage services, currency exchange services, mortgage origination and servicing, lending services, loan application processing services, issuing letters of credit, electronic funds transfer services, providing on-line financial information, credit card services, credit reporting services, financial planning services, investment consultation and management, real estate escrow services, real estate valuation services, real estate appraisal services and real estate investment services.

    13.    Since 1984, Plaintiff has continuously used Plaintiff's STERLING Marks, which solely consist of or are dominated by the term "STERLING."

    14.    In 1993, Plaintiff opened its first branch location in California, and in 1994 Plaintiff opened its first branch location in the San Francisco metropolitan area. Since then, Plaintiff has continuously used Plaintiff's STERLING Marks in the San Francisco metropolitan area. Currently, Plaintiff owns and operates 14 branch locations throughout the San Francisco

metropolitan area.

15. In addition to Plaintiff's physical locations, Plaintiff provides online services through its www.sterlingbank.com and www.yourrealestatebank.com websites (the "Sterling Bank & Trust Websites"). Through these websites, Plaintiff uses Plaintiff's STERLING Marks in conjunction with advertising and rendering of its banking, lending, and investment services. Plaintiff also uses Plaintiff's STERLING Marks in conjunction with the promotion of its services, in various media, including printed media, social media, in radio and television advertisements, through sponsorship of sporting events, and on billboards.

16. All of Plaintiff's STERLING Marks consist solely of or are dominated by the term "STERLING." As a result of Plaintiff's continued use of Plaintiff's STERLING Marks in conjunction with financial services for over 28 years, Plaintiff's STERLING Marks have come to embody the goodwill associated with Plaintiff's business and services.

17. In recognition of Plaintiff's rights in and to Plaintiff's STERLING Marks, Plaintiff owns numerous federal STERLING trademark registrations, including the following:

1. U.S. Trademark Registration No. 1530060 for STERLING & DESIGN for "*banking services*" in International Class 36 registered on March 14, 1989;

2. U.S. Trademark Registration No. 1716398 for STERLING for "*credit card services*" in International Class 36 registered on September 15, 1992;

3. U.S. Trademark Registration No. 3690884 for STERLING BANK for "*banking and financial services, namely, checking account services, savings account services, certificate of deposit services, individual retirement account (IRA) services, cash management account services, money market account services; providing safe deposit boxes, issuing official checks, currency exchange services, currency exchange information services, mortgage origination and servicing, lending services, loan application processing services, issuing letters of credit, electronic funds transfer services, providing on-line financial information, credit card services, credit reporting services, investment brokerage services, financial planning services, investment brokerage services, financial valuation of real estate, investment of funds for others, and investment consultation and management in the fields of securities, funds, mutual funds, commodities and capital*" in International Class 36 registered on October 6, 2009.

4. U.S. Trademark Registration No. 2144862 for STERLING CREDIT CORP. for "*vehicle leasing services, including aircraft, automobiles, buses, locomotives, tractor trailers and utility vehicles*" in International Class 39 registered on March 17, 1998;

- 4 -

5. U.S. Trademark Registration No. 2118206 for STERLING ADVANTAGE for *"banking services"* in International Class 36 registered on December 2, 1997; and

6. U.S. Trademark Registration No. 3136774 for STERLING ECD for *"banking services"* in International Class 36 registered on August 29, 2006.

7. U.S. Trademark Registration No. 3577844 for STERLING THE REAL ESTATE BANK for *"banking services; investment brokerage services; providing safe deposit boxes; issuing official checks; currency exchange services; currency exchange information services; mortgage origination and servicing; lending services, namely, commercial lending services, consumer lending services, mortgage lending services; loan application processing services; issuing letters of credit; electronic funds transfer services; providing on-line financial information; credit card services; credit reporting services; financial planning services; investment of funds for others; investment consultation and management in the fields of securities, funds, mutual funds, commodities and capital; financial investment in the field of real estate, real estate escrow services; real estate valuation services; real estate appraisal services, real estate acquisition services, real estate consultation services; real estate trustee services; real estate investment services"* in International Class 36 registered on February 17, 2009.

8. U.S. Trademark Registration No. 3288884 for STERLING EAGLE for *"banking"* in International Class 36 registered on September 4, 2007;

9. U.S. Trademark Registration No. 3716981 for STERLING EXECUTIVE for *"banking"* in International Class 36 registered on November 24, 2009;

10. U.S. Trademark Registration No. 3304010 for STERLING SOLUTIONS for *"banking"* in International Class 36 registered on October 2, 2007;

11. U.S. Trademark Registration No. 3288889 for STERLING FREEDOM for *"banking"* in International Class 36 registered on September 4, 2007; and,

12. U.S. Trademark Registration No. 3842567 for STERLING SENIOR CLUB for *"banking services"* in International Class 36 registered on August 31, 2010.

Copies of the certificates of registration for these registrations are attached to the Complaint as Ex. 1.

18.   All of the above mentioned registrations rest on the Principal Register. Further, U.S. Registration Nos. 1530060, 1716398, 2144862, and 2118206 have achieved incontestable status and thus constitute conclusive evidence of the validity of Plaintiff's STERLING Marks, the registrations therefor, Plaintiff's ownership of the marks, and its exclusive right to use the marks throughout the United States. Defendants have constructive notice of these registrations and Plaintiff's rights in Plaintiff's STERLING Marks by virtue of the federal trademark laws.

19.   Plaintiff also has common law rights in Plaintiff's STERLING Marks and

- 5 -

1  Plaintiff's STERLING BANK and STERLING BANK & TRUST trade names.

2      20. As a result of Plaintiff's integrated advertising and promotion of multiple of its various STERLING Marks, Plaintiff owns a "family" of marks comprised of the STERLING surname in at least the San Francisco metropolitan area.

### DEFENDANTS' INFRINGEMENT AND UNFAIR COMPETITION

21. On information and belief, Defendant Sterling Savings Bank is a wholly-owned subsidiary of Defendant Sterling Financial Corporation and is one of its principal operating subsidiaries.

22. On information and belief, Defendant Sterling Savings Bank historically offered banking services under the mark and trade name STERLING SAVINGS BANK, primarily in Washington and Oregon.

23. Sonoma National Bank offered banking services under the mark and trade name "Sonoma National Bank" and had locations in California, including the greater San Francisco area.

24. On information and belief, on or about September 17, 2006, Sterling Financial Corporation and Northern Empire Bancshares, which owned Sonoma National Bank, entered into an agreement to merge.

25. On or about October 30, 2006, the North Bay Business Journal ran an article entitled "**Sonoma National name change to Sterling faces snag**" (the "2006 NBBJ Article"). A true and correct copy of this article is attached as Ex. 2.

26. The 2006 NBBJ Article states "**both banks announced their intention to change Sonoma National's name to Sterling Savings to promote cohesion among all of Sterling's branches - there are 151 in four Northwest states - and to bolster brand identity in California.**"

27. The 2006 NBBJ Article also reported that a Sterling Savings Bank spokeswoman acknowledged that "**a Sterling Savings Bank in a neighboring county to San Francisco's Sterling Bank & Trust would be too confusing for customers.**"

28. The NBBJ Article further states:

> Sonoma National Present and CEO Debbie Meekins said, following the announcement of the sale, that Sterling was looking into how it might inherit the rights of the name.
>
> "For a time after the transaction closes the name will still remain Sonoma National Bank," Ms. Meekin said. There's got to be some legal investigation into how you get the name."

29. The merger between Defendant Sterling Financial Corporation and Northern Empire Bancshares took effect on February 28, 2007. Upon the merger, Sonoma National Bank became a wholly-owned subsidiary of Defendant Sterling Financial Corporation.

30. On or around March 5, 2007, Plaintiff learned that, notwithstanding the statements in the 2006 NBBJ Article, Defendants were proceeding with the use of STERLING SAVINGS BANK in association with banking and financial services in the San Francisco metropolitan area.

31. Defendants' intent to use STERLING SAVINGS BANK in the San Francisco metropolitan area became clear when Sonoma Bank's www.snbank.com website home page appeared as follows (viewed April 2, 2007):



- 7 -
COMPLAINT FOR TRADEMARK INFRINGEMENT
AND DEMAND FOR JURY TRIAL                                                Case No.

32. The website announced "**On February 28, 2007, Sonoma National Bank merged with and into Sterling Savings Bank. Sonoma National Bank thanks you for your business and looks forward to serving you in the future as Sterling Savings Bank.**"

33. On June 6, 2008, Plaintiff sent Defendant Sterling Financial Corporation a cease and desist letter, informing it of Plaintiff's prior rights in Plaintiff's STERLING Marks in the greater San Francisco metropolitan area, and demanding that it immediately cease use of STERLING in this geographic area.

34. The Parties subsequently conducted discussions regarding the matter, and Plaintiff understood that Defendant Sterling Financial Corporation would refrain from using STERLING marks in the San Francisco metropolitan area. In reliance on these representations, Plaintiff refrained from taking further legal action at that time.

35. In March 2012, Defendants deployed a large-scale, nationwide rebranding strategy that included changing the name of its physical STERLING SAVINGS BANK locations to the shortened STERLING BANK.

36. Defendants' rebranding strategy also included using the STERLING BANK mark and trade name throughout its Sonoma National Bank locations in the San Francisco metropolitan area.

37. Defendants also adopted two new Internet URLs, namely: www.bankwithsterling.com (attached hereto as Ex. 3) and www.bankwithsonoma.com (attached hereto as Ex. 4). The two URLs link to opening screens that have the identical look and feel, as well as the same substantive content. The only difference is that "Sonoma Bank" is substituted for "Sterling Bank" on the opening page of the www.bankwithsonoma.com URL. However, the opening page of the www.bankwithsonoma.com URL is nothing more than an initial landing page, as all links on the opening page automatically redirect users to the www.bankwithsterling.com website without notification, where the STERLING BANK mark and trade name is prominently used.

38. For example, if a customer chooses the "Switch to Sonoma Bank" option on the landing page of the www.bankwithsonoma.com URL, the customer is automatically linked to a

1  "switch kit" comprised of documents prominently branded with the STERLING BANK mark and
2  trade name. A true and correct copy of this document is attached hereto as Ex. 5.

3    39.    Since the rebranding campaign began (changing the trade name from STERLING
4  SAVINGS BANK to STERLING BANK, using the STERLING BANK mark in its Sonoma Bank
5  locations in the San Francisco metropolitan area and adopting a website for "Sonoma Bank" that
6  links customers to the "Sterling Bank" website), Plaintiff has been inundated with misdirected
7  telephone calls intended for Defendants and visits to its branch locations in the greater San
8  Francisco area by customers who believe they are visiting Defendants' locations. Plaintiff has
9  also received numerous inquiries through its www.sterlingbank.com website intended for
10 Defendants, and misdirected e-mails from customers and job applicants intended for Defendants.

11   40.    As a result of this consumer confusion, Plaintiff sent a cease and desist letter to
12 Defendant Sterling Financial Corporation on October 22, 2012, again informing Defendant of
13 Plaintiff's rights, and advising that the use of STERLING in the San Francisco metropolitan area
14 and the name change from Sterling Savings Bank to Sterling Bank was causing widespread
15 consumer confusion, and demanding that the infringing activities cease. A true and correct copy is
16 attached hereto as Ex. 6.

17   41.    On November 16, 2012, Defendant Sterling Financial Corporation responded to
18 Plaintiff's letter denying the infringement and denying that it had an obligation to refrain from
19 using STERLING BANK. A true and correct copy is attached hereto as Ex. 7.

20   42.    In blatant disregard for Plaintiff's prior rights and the consumer confusion that has
21 resulted, Defendants continue to use STERLING BANK in association with the offering and
22 provision of financial services in the San Francisco metropolitan area.

23                    **INJURY TO PLAINTIFF AND THE PUBLIC**

24   43.    Defendants' use of service marks and trade names incorporating STERLING,
25 including STERLING BANK, are highly similar to Plaintiff's STERLING Marks. The use of
26 these trademarks in the San Francisco metropolitan area, in which Plaintiff has well-established
27 prior trademark rights, has caused and will continue to cause confusion, mistake and/or deception
28 to the public as to the source or origin of the parties' services, and are likely to falsely suggest an

- 9 -

affiliation, sponsorship, connection, license or endorsement of Defendants' services with Plaintiff.

44. Defendants' use of STERLING BANK is identical to Plaintiff's previously used and federally registered mark. The use of STERLING BANK will cause confusion, mistake and/or deception to the public as to the source or origin of the parties' services, and are likely to falsely suggest an affiliation, sponsorship, connection, license or endorsement of Defendants' services with Plaintiff.

45. Defendants' use of such marks has injured and will continue to irreparably injure Plaintiff by confusing customers, diverting business, and damaging the reputation and goodwill associated with Plaintiff's STERLING Marks.

46. Defendants' conduct, if permitted to continue, will irreparably injure Plaintiff, for which it has no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement
### 15 U.S.C. § 1114

47. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 46 of this Complaint.

48. Defendants have used service marks and trade names that are likely to cause confusion, to cause mistake or to deceive, as to the origin, sponsorship, or approval of Defendants' services and commercial activities.

49. Defendants have infringed Plaintiff's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, Plaintiff is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

51. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

///

///

## COUNT II

### False Designation of Origin, Passing Off, and Unfair Competition
### 15 U.S.C. § 1125(a)

52. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 51 of this Complaint.

53. Defendants have used service marks and trade names that are likely to cause the public to mistakenly believe that Defendants' services originate from, are endorsed by or are in some way affiliated with Plaintiff and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition, and is likely to cause Plaintiff's STERLING Marks to lose their significance as an indicator of origin.

54. Defendants have infringed Plaintiff's rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, Plaintiff is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

56. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III

### Unfair Competition And Trademark Infringement
### California Common Law

57. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 56 of this Complaint.

58. Defendants have used service marks and trade names that are likely to cause confusion, to cause mistake or to deceive, as to the origin, sponsorship, or approval of Defendants' services and commercial activities.

59. Through Defendants' conduct, which is calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of Plaintiff's STERLING Marks, to infringe Plaintiff's rights therein, and to

- 11 -

unfairly compete with Plaintiff under the laws of California.

60. Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, an award of exemplary and/or punitive damages is justified.

### COUNT IV

### Violation of The California Unfair Competition and Deceptive Trade Practices Act
### Cal. Bus. & Prof. Code § 17200, et seq.

61. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 60 of this Complaint.

62. Defendants' actions, calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of Plaintiff's STERLING Marks, to infringe Plaintiff's rights therein, and to unfairly compete with Plaintiff under the laws of California.

63. Defendants' actions constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising under Cal. Bus. & Prof. Code § 17200 et seq. to improperly trade upon the reputation and goodwill of Plaintiff and impair its valuable rights.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. That Plaintiff is the owner of the entire right, title, and interest in and to Plaintiff's STERLING Marks in the San Francisco metropolitan area.

B. That Plaintiff is the owner of the entire right, title, and interest in and to the service mark and trade name STERLING BANK nationwide.

C. That rights in Plaintiff's STERLING Marks are valid, enforceable, and violated by Defendants' use of STERLING BANK in conjunction with banking and financial services, and by Defendants' use of STERLING in conjunction with banking and financial services in the San

Francisco metropolitan area, and that Defendants have violated and are violating other relevant federal and state laws and regulations.

    D.    Defendants, its agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using trademarks, service marks and trade names consisting of or incorporating STERLING, including STERLING BANK, in the San Francisco metropolitan area in connection with banking services, specifically in Sonoma County, San Francisco County, Marin County, San Mateo County, Contra Costa County, Alameda County, Santa Clara County, Napa County, and Solano County.

    E.    Defendants willfully violated Plaintiff's rights.

    F.    That all damages sustained by Plaintiff for trademark infringement be trebled.

    G.    That Defendants be required to pay to Plaintiff punitive and exemplary damages.

    H.    That Defendants be required to pay to Plaintiff all attorney fees, expenses and costs incurred in this action.

    I.    That an Order be issued directing Defendants to file with this Court and serve on Plaintiff's attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

    J.    That Plaintiff be granted such further relief as this Court may deem appropriate.

Respectfully submitted,

Dated: March 8, 2013

MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
SARA PETERSON GRAVES, Bar No. 226766
spetersengraves@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND DEMAND FOR JURY TRIAL    Case No.

| | |
|---|---|
| 1 | |
| 2 | GLENN E. FORBIS (Application *Pro Hac Vice* to be Filed)<br>gef@raderfishman.com |
| 3 | BRADLEY W. BIDWELL (Application *Pro Hac Vice* to be Filed) |
| 4 | bwb@raderfishman.com<br>RADER, FISHMAN & GRAUER PLLC |
| 5 | 39533 Woodward Avenue<br>Bloomfield Hills, MI 48304 |
| 6 | Telephone: (248) 594-0600<br>Facsimile:  (248) 594-0610 |
| 7 | Attorneys for Plaintiff |
| 8 | STERLING BANK AND TRUST, FSB |

- 14 -

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND DEMAND FOR JURY TRIAL                                    Case No.

## JURY DEMAND

Plaintiff does hereby request a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 8, 2013

_____
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
SARA PETERSON GRAVES, Bar No. 226766
spetersengraves@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

GLENN E. FORBIS (Application *Pro Hac Vice* to be Filed)
gef@raderfishman.com
BRADLEY W. BIDWELL (Application *Pro Hac Vice* to be Filed)
bwb@raderfishman.com
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 594-0600
Facsimile: (248) 594-0610

Attorneys for Plaintiff
STERLING BANK AND TRUST, FSB

- 15 -
COMPLAINT FOR TRADEMARK INFRINGEMENT
AND DEMAND FOR JURY TRIAL                                    Case No.